FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 MAR -6 PM 3:34

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DAMIS FELLOVE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 313-009 |
| ) | |
| WALT WELLS, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, brought the above-captioned petition under 28 U.S.C. § 2241. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and that this civil action be **CLOSED**.[1]

### I. BACKGROUND

Petitioner was convicted in the United States District Court for the Southern District of Florida on one count of conspiracy to possess five kilograms or more of cocaine with the intent to distribute, and one count of using, carrying, or possessing a firearm during and in relation to a federal drug trafficking crime. United States v. Fellove, CR 101-763, doc. no. 173 (S.D. Fla. Feb. 13, 2003). On February 13, 2003, he was sentenced to 180 months of imprisonment and five years of supervised release. Id. On February 13, 2004, Petitioner

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2241, in which he argued, among other things, that he was "actually innocent" of the crimes to which he pleaded guilty and that he pleaded guilty pursuant to the improper advice of his counsel. See Fellove v. United States, CV 104-20361, doc. no. 1, p. 17 (S.D. Fla. Feb. 13, 2004).

In the petition currently before the Court, Petitioner again argues that, based on the contents of an "Affidavit of Truth" that was sent to him in 2010 by his co-defendant in his criminal trial, he is actually innocent of the charges for which he was convicted.[2] (Doc. no. 1, pp. 1-3, 5-6.) Petitioner additionally asserts that his trial counsel coerced him into pleading guilty by indicating that Petitioner's co-defendants had provided incriminating statements against him when such was not the case, and by asking Petitioner to "reflect on the possibility of going to trial with his codefendants testifying against him." (Id. at 6-7.)

## II. DISCUSSION

The instant petition was filed pursuant to 28 U.S.C. § 2241, which provides the means for a prisoner to challenge the execution of his sentence. Here, however, it is clear that Petitioner is attacking the validity of his sentence, given that he claims that he is innocent of the crime for which he was convicted and that he was coerced into entering into his guilty plea, which he claims is thus invalid. Therefore, the Court must consider whether relief under § 2241 is available.

---

[2]Notably, the "affidavit" on which Petitioner's assertion of actual innocence is premised appears to be simply a letter written by Mr. Ronald Hue Burch, Jr., one of Petitioner's co-defendants in his criminal trial, who, based on the letter's address, is incarcerated at the Federal Correctional Institute in Coleman, Florida. (See doc. no. 1, p. 11.) The letter is not notarized, nor does it supply the requisite components for a valid affidavit. See 28 U.S.C. § 1746 (establishing that, among other things, an affidavit executed in the United States must set forth that it is given "under penalty of perjury").

2

"Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*). In the instant case, however, Petitioner has attempted to attack the validity of his sentence by filing a petition under § 2241. However, a federal prisoner may only resort to § 2241 to challenge the validity of his conviction or sentence upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." Id. § 2255(e). Moreover, "the burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." Turner v. Warden Coleman FCI (Medium), __ F.3d __, 2013 WL 646089, at *3 (11th Cir. 2013). Under Eleventh Circuit law, the circumstances under which a federal prisoner may invoke this so-called "savings clause" of § 2255 are tightly circumscribed.

In Wofford v. Scott, the Eleventh Circuit found that a prisoner may not use the savings clause simply to circumvent the restrictions on filing second or successive motions. 177 F.3d 1236, 1245 (11th Cir. 1999). In other words, "the mere fact that relief under § 2255 is procedurally barred is not alone sufficient to make § 2241 an available remedy." Bridges v. Vasquez, 151 F. Supp.2d 1353, 1360 (N.D. Fla. 2001). Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised."

Darby, 405 F.3d at 945 (quoting Wofford, 177 F.3d at 1244). "To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited." Id. (citing Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003)). "Once the savings clause

3

of § 2255 applies to open the portal to a § 2241 proceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted.'" Wofford, 177 F.3d at 1244 n.3.

Notably, in Turner, the Eleventh Circuit announced that it had recently "retreated from the purported three-factor test enumerated in Wofford, calling it 'only dicta' and explaining that '[t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." 2013 WL 646089, at *3 (citing Gilbert v. United States, 640 F.3d 1293, 1319 (11th Cir. 2011)). In Turner, the Court noted that the Gilbert case dealt specifically with the alleged misapplication of sentencing guidelines. Turner, 2013 WL 646089, at *3.

Here, however, Petitioner is not attempting to raise any claims concerning sentencing, and instead simply argues that he is actually innocent of the charges for which he was convicted and that his trial counsel coerced him into pleading guilty. (Doc. no. 1, pp. 6-7.) That being the case, the proper analysis here is whether Petitioner has shown whether "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." § 2255(e). Petitioner has failed to make any such showing, especially in consideration of the fact that he previously raised the issue of actual innocence in his § 2255 motion that he filed in 2004. Fellove, CV 104-20361, doc. no. 1, p. 17. Given that Petitioner also raised in that motion similar allegations concerning the role of his counsel in convincing him to plead guilty, it is clear that the instant § 2241 petition constitutes an improper attempt to

4

circumvent the restrictions on filing second or successive § 2255 motions.[3] Wofford, 177 F.3d at 1245; Bridges, 151 F. Supp.2d at 1360. In short, as noted above, Petitioner has not shown that his previous § 2255 motion was somehow inadequate or ineffective to test the legality of his detention. § 2255(e).

In sum, Petitioner has failed to raise a claim for relief that is cognizable under § 2241, and the instant petition should therefore be dismissed.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 6th day of March, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] Notably, even if Petitioner *had* successfully opened the portal to a § 2241 proceeding – which he has not – the 2010 letter from his co-defendant on which he premises his argument that he is actually innocent of the crimes to which he pleaded guilty is entirely insufficient to demonstrate his actual innocence. As previously noted, Petitioner's claim of actual innocence has already been addressed in his previous § 2255 motion, and, moreover, the letter that he has submitted here does not contain the requisite components of a valid affidavit.