ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 APR -2 PM 3:29
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DAMIS FELLOVE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 313-009 |
| | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 5). Petitioner was convicted on one count of conspiracy to possess five kilograms or more of cocaine with the intent to distribute, and one count of using, carrying, or possessing a firearm during and in relation to a federal drug trafficking crime. Petitioner commenced this case pursuant to 28 U.S.C. § 2241, but challenged the validity, rather than the execution, of his sentence. (See doc. no. 1.) In particular, Petitioner argued that the "affidavit" of Ronald Burch, his co-defendant in his criminal trial, specifically exonerated him of any culpability for the crimes for which he was convicted, and that he was additionally coerced into pleading guilty by his trial counsel. (Id. at 1-7.) The Magistrate Judge recommended dismissal of the petition, reasoning that Petitioner's claims were not properly brought pursuant to § 2241 and that he had not successfully invoked the "savings clause" of 28 U.S.C. § 2255 that might allow for such relief under § 2241. (Doc. no. 3.)

In his objections, Petitioner first argues that the claims set forth in his § 2241 petition would not be procedurally defaulted if brought in a § 2255 motion; in particular, Petitioner references the "cause and prejudice" and "fundamental miscarriage of justice" exceptions to procedural default that apply to § 2255 motions. (Doc. no. 5, p. 1.) Petitioner additionally asserts that an evidentiary hearing is warranted to address his claim of actual innocence. (Id. at 2.) However, the crux of the Magistrate Judge's recommendation was not that Petitioner's claims would be procedurally defaulted if brought pursuant to § 2255, but instead that Petitioner's claims are improperly brought in a § 2241 petition, and that, based on Petitioner's prior filings, the instant § 2241 petition constitutes an improper attempt to circumvent the restrictions on filing second or successive § 2255 motions. (Doc. no. 3, pp. 4-5.) To the extent that Petitioner believes his claims are not subject to procedural default and would be properly brought in a § 2255 motion, he is welcome to attempt to resubmit those claims in the proper court pursuant to such a motion.

Moreover, Petitioner's insistent reliance on the deficient "affidavit" as a source of exoneration and an indication of his actual innocence is misguided. As the Magistrate Judge pointed out, the letter that Petitioner refers to as an affidavit does not contain the requisite components of an affidavit (doc. no. 3, pp. 2, 5); additionally, Petitioner's failed efforts to acquire a "notarized version" of the letter from Mr. Burch do nothing to affect the letter's validity (doc. no. 5, pp. 2, 4). Regardless, as the Magistrate Judge also made clear (see generally doc. no. 3), Petitioner did not successfully open the portal to a § 2241 proceeding, and thus the validity of the letter as an affidavit is wholly irrelevant to the instant case. An evidentiary hearing on the issue of Petitioner's actual innocence is improper for the same

2

reason, and the Court accordingly declines to grant the same. Any other objections not explicitly addressed herein are likewise without merit and do not warrant departing from the conclusions in the R&R. Thus, Petitioner's objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the instant petition **DISMISSED**, and this civil action is **CLOSED**.

SO ORDERED this 2 day of April, 2013, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE